EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS **RECEIVED**

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

AUG – 5 2024

SUPERIOR COURT - CIVIL,
JOHN E. POWERS, III
ACTING CLERK MAGISTRATE

|  |  |
|---|---|
| Mary Carr, individually and on behalf of all others similarly situated, | C.A. No.: 2484CV0286⑥ |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| BG Retail, LLC and Caleres, Inc., |  |
| Defendants. |  |

Plaintiff Mary Carr ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendants BG Retail, LLC and Caleres. Inc. (collectively, "Defendants" or "Famous Footwear").

## NATURE OF THE ACTION

1.      This is a class action suit brought against Defendants BG Retail, LLC and Caleres, Inc. for encroaching upon Plaintiff's and other similarly situated individuals' privacy rights under Mass. Gen. Laws ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or "CPICTA").

2.      The CPICTA, at § 105(a), reads:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

> The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a

1

person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

3.      To summarize, the CPICTA prohibits companies such as Defendants from requiring consumers to providing their personal information (*e.g.*, address, telephone number) when making a credit card transaction, unless such information is necessary for the transaction (*e.g.*, shipping or delivery).

4.      Per the Supreme Judicial Court of Massachusetts, this provision's "purpose was to safeguard consumer privacy and more particularly to protect consumers using credit cards from becoming the recipients of unwanted commercial solicitations from merchants with access to their identifying information." *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 498 (2013).

5.      Nonetheless, and in contravention of the CPICTA, Famous Footwear requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form to write personal identification information not required by credit card issuers— their email address.

6.      Famous Footwear then uses the collected email addresses to send unwanted commercial solicitations—namely, spam marketing emails ("Spam")—to said consumers.

7.      Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

8.      Plaintiff therefore brings this action individually and on behalf of a class of all other similarly situated consumers to recover damages and restitution under the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A ("Chapter 93A") predicated upon Defendants' violations of the CPICTA.

2

## PARTIES

9.      Plaintiff Mary Carr is a citizen of Massachusetts who resides in Attleboro, Massachusetts.  In or around September 2023, Ms. Carr purchased a pair of boots from Famous Footwear, paid by credit card, and checked out via the Famous Footwear website's credit card transaction form (located at www.famousfootwear.com).  As part of this process, Ms. Carr was required by Famous Footwear to write personal identification information not required by credit card issuers—her email address.  Ms. Carr's email address was not a necessary part of the transaction, as it was not required for shipping, delivery, installation, or any other purpose. Shortly after completing her online Famous Footwear purchase, Ms. Carr began receiving spam marketing emails from Famous Footwear.  Ms. Carr never signed up for or otherwise consented to the receipt of this Spam.  Further, the Spam is a nuisance, Famous Footwear caused Ms. Carr to waste her time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Ms. Carr's email mailbox.

10.     Defendant Caleres, Inc. is a New York corporation with its principal place of business at 8300 Maryland Avenue, St. Louis, Missouri 63105.  Defendant is one of the largest footwear companies in the nation, and it operates Famous Footwear retail locations throughout the Commonwealth.[1]  Defendant targets consumers whom it knows to reside in Massachusetts (based on shipping information provided during checkout) with Spam.

11.     Defendant BG Retail, LLC is a Delaware limited liability company with its principal place of business at 8300 Maryland Avenue, St. Louis, Missouri 63105.  Defendant operates the Famous Footwear website, www.famousfootwear.com, on behalf of Defendant Caleres, Inc.  Defendant targets consumers whom it knows to reside in Massachusetts (based on

---

[1] https://www.famousfootwear.com/stores

3

shipping information provided during checkout) with Spam.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212, §§ 3 and 4.

13.    This Court has personal jurisdiction over Defendants pursuant to Mass. Gen. Laws ch. 223A § 3(a) and (b) because Defendants regularly transact business and contract to supply services in Massachusetts.

14.    Venue is proper in this County because this County was the location of the transactions that gave rise to Plaintiff's claims, and this County is thus the location of Plaintiff's primary injury.

15.    Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 17-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL ALLEGATIONS

16.    As industry leaders,[2] trade groups,[3] and courts[4] agree, an email address is "personal identification information[.]"  The Supreme Judicial Court of Massachusetts has held that "a zip code may well qualify as personal identification information under § 105 (a). This is so because . . . a consumer's zip code, when combined with the consumer's name, provides the

---

[2] https://www.adexchanger.com/data-exchanges/can-email-be-the-next-big-online-identifier/ (quoting Tom Kershaw, CTO of Magnite, who said "[a]n email address is universally considered to be PII[.]").

[3] https://thenai.org/wp-content/uploads/2021/07/nai_code2020.pdf (the Network Advertising Initiative Code of Conduct, identifying email as PII).

[4] *See United States v. Hastie*, 854 F.3d 1298, 1303 (11th Cir. 2017) ("Email addresses fall within the ordinary meaning of information that identifies an individual. They can prove or establish the identity of an individual.").

4

merchant with enough information to identify through publicly available databases the consumer's address or telephone number[.]" *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 499–501 (2013). In interpreting California's analogous Song-Beverly Credit Card Act of 1974, Cal. Civ. Code § 1747, *et seq.*, the United States District Court for the Eastern District of California compared zip codes and email addresses, finding: "[A] cardholder's email address 'pertain[s] to or regards to a cardholder' in a more specific and personal way than does a ZIP code. . . . Therefore, this Court predicts that the California Supreme Court would decide that an email address constitutes 'personal identification information[.]'" *Capp v. Nordstrom, Inc.*, No. 2:13-CV-00660-MCE-AC, 2013 WL 5739102, at *6 (E.D. Cal. Oct. 22, 2013) (citations omitted). That is, just like a zip code, a consumer's email address provides merchants like Defendant with enough information to identify through publicly available databases a consumer's address or telephone number.[5] And as the United States District Court for the Eastern District of California went on to conclude: "Defendant's alleged conduct in this case—acquiring Plaintiff's email address for one reason, . . . and then using the address for another reason, to send him promotional emails . . . directly implicates the purposes of the statute[.]" *Id.* at *7.

17. When checking out from Defendants' website, www.famousfootwear.com, online

---

[5] Various companies claim the ability to reverse append email addresses to obtain customers' street addresses and telephone numbers. *See, e.g.,* https://www.edq.com/email-verification/append/ ("Reverse email append service takes email addresses and matches other information you lack"); https://docs.experianaperture.io/identity-append/experian-identity-append/overview/introduction/#reverse-email-append ("Reverse email append is a service that allows you to input an email address and receive the name and address of the individual associated with that email."); https://www.listsolutions.com/our-services/ ("Reverse Email Append[:] Overlay name and address postal information to your email only database"); https://cdn2.hubspot.net/hub/68599/file-310417248-pdf/docs/towerdata_reverseemailappend.pdf ("TowerData's Reverse Email Append service can enhance your email database by adding the names and postal addresses of your customers. You'll gain the ability to market to them through direct mail"); https://dmdatabases.com/data-append/reverse-email-append/ ("What is reverse email append? If you have a database only consisting of email addresses, then we can match the email addresses against a massive cooperative database to append postal addresses, contact names, cell phone numbers, and other valuable data").

shoppers who wish to maintain their privacy, like Plaintiff and other Class Members, are presented with the option to "Continue as a Guest":



18.    After making this selection, shoppers are required to enter their email address and shipping address into the Famous Footwear website's credit card transaction form, to proceed with the checkout process.  If a consumer attempts to opt out of Famous Footwear's email collection by leaving the email field blank, they are shown an error message that declares, "Please enter your email address" and they are precluded from continuing to the next checkout stages.  Until recently, Defendants *appeared* to solicit consent to send future emails to shoppers (with a checkbox marked, "By entering your email, you agree to receive emails from us about new products, exclusive offers, and updates. Please see our privacy policy to learn more about how we use your information.").  But *even if consumers chose not to click this box*, Defendants still sent shoppers marketing emails.  Now, the email field on www.famousfootwear.com merely states, in small, difficult-to-see font: "By placing your order you agree to receive marketing emails from Famous Footwear, unless you've previously unsubscribed. See our privacy policy to learn how we use your information. You can unsubscribe at any time."  These versions of Defendants' checkout process are pictured below, with the former pictured first and the latter pictured second:

‹ Back to Cart
FAMOUS footwear
Check out quickly with
PayPal
G Pay
or continue below for all payment methods
1. Delivery
Contact Information
Email Address*
For shipping confirmation
Shipping Address
First Name*
Last Name*
Street Address*
Enter a location
Order Summary
Subtotal $12.99
Estimated Shipping $7.95
Estimated Total $20.94
or 4 payments of $5.25 with zip
Women's 5 Pack Ankle Socks
Color: Assorted
$12.99
This item is excluded from BOGO

‹ Back to Cart
FAMOUS footwear
or continue below for all payment methods
1. Delivery
Contact Information
Email Address*
For shipping confirmation
Please enter your email address
Shipping Address
First Name*
Last Name*
Please enter your first name
Please enter your last name
Street Address*
Enter a location
Please enter your street address
Apt/Suite/etc. (Optional)
City*
State*
State
Zip*
Please enter your city
Please select your state
Please enter your ZIP code
Phone*
For shipping-related questions
(555) 555-5555
Please enter your phone number
CONTINUE TO SHIPPING
Estimated Total $77.93
or 4 payments of $18.50 with zip
Women's Court Vision Low Sneaker
$69.98 $79.99

7

19.     As the foregoing makes clear, there is no reason why a customer must provide their email addresses for a credit card transaction.  A customer furnishes their shipping address for delivery, and they must also provide their phone number (presumably for communications).

20.     To test Defendants' email-related practices, Plaintiff's counsel purchased an item online from Famous Footwear with a credit card on or around December 13, 2023.  Plaintiff's counsel entered an email address but did not check the box labeled "By entering your email, you agree to receive emails from us about new products, exclusive offers, and updates. Please see our privacy policy to learn more about how we use your information."  Despite not clicking the box, Defendants then sent Plaintiff's counsel numerous emails over the following months.  While some of these emails related to a purchase, the others were solicitations.

21.     For individuals like Plaintiff and other Class Members, these commercial solicitations constitute unwanted Spam.  Plaintiff and Class Members were never given the option to not to provide their email address, and they were sent emails regardless of whether or not they checked any consent box.

22.     The Spam is a nuisance because it interferes with Plaintiff and other Class Members' use and enjoyment of their email mailboxes by, *inter alia*, causing irritation; acting as a distraction; displacing other, more important (and consented-to) emails; and creating visual clutter.

23.     By sending Spam, Famous Footwear caused Plaintiff and fellow Class Members to waste their time reading or otherwise addressing the Spam (i.e., discerning how, if possible, to unsubscribe from the Spam; block Famous Footwear as a sender; and/or report the Spam to their email provider).

24.     The Spam also consumed valuable storage space in Plaintiff and other Class Members' email mailboxes.  Many of the most popular free email mailboxes (i.e., Apple's

iCloud, Google's Gmail, Microsoft's Outlook, and Proton AG's Proton Mail) have storage

limits. Spam emails, as sent by Defendants, can quickly eat into free email mailbox storage

space and force users to expend either time and labor to delete messages or money to procure

additional storage space. For paid email mailbox users, spam emails deplete storage space that

has been acquired with hard-earned savings.

## CLASS REPRESENTATION ALLEGATIONS

25.    Plaintiff seeks to represent a class defined as

> All persons in Massachusetts who made a purchase on www.famousfootwear.com
> using a credit card (The "Class").

26.    Members of the Class are so numerous that their individual joinder herein is

impracticable. On information and belief, members of the Class number in the thousands. The

precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery. Class members may be notified of the pendency of this

action by mail and/or publication through the distribution records of Defendant and third-party

retailers and vendors.

27.    Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members. Common legal and factual questions

include, but are not limited to:

 (a) whether Defendants' conduct as alleged herein violates Massachusetts
   law, including the provisions of the CPICTA;

 (b) whether each Defendant is a "person, firm, partnership, corporation or
   other business entity that accepts a credit card for a business transaction"
   under Mass. Gen. Laws ch. 93, § 105(a);

 (c) whether an email address constitutes "personal identification information"
   under Mass. Gen. Laws ch. 93, § 105(a);

 (d) whether Plaintiff and Class members were injured by Defendants'
   conduct;

9

     (e)    whether Plaintiff and Class members are entitled to damages under Chapter 93A; and

     (f)    whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

28.    The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased a pair of boots online, in or around September 2023, from Famous Footwear, paid by credit card, and checked out via the Famous Footwear website's credit card transaction form. As part of this process, Plaintiff, like all other Class Members, was required by Famous Footwear to write personal identification information not required by credit card issuers—her email address. Shortly after completing her online Famous Footwear purchase, Plaintiff, like all other Class Members, began receiving Spam from Famous Footwear. Plaintiff, like all other Class Members, never signed up for or otherwise consented to the receipt of this Spam. Further, like all other Class Members, Plaintiff experienced how the Spam is a nuisance, Famous Footwear caused Plaintiff to waste her time reading or otherwise addressing the Spam, and the Spam consumed valuable storage space in Plaintiff's email mailbox.

29.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

30.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case. Individualized litigation also

presents a potential for inconsistent or contradictory judgments. In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendants' liability. Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
**Violation Of Chapter 93A**
**Based On Violation Of The CPICTA**

31.    Plaintiff incorporates by reference and re-alleges each and every allegation set

forth above as though fully set forth herein.

32.    Plaintiff brings this claim individually and on behalf of the members of the Class

against Defendants.

33.    The CPICTA reads:

> No person, firm, partnership, corporation or other business entity that accepts a
> credit card for a business transaction shall write, cause to be written or require
> that a credit card holder write personal identification information, not required by
> the credit card issuer, on the credit card transaction form. Personal identification
> information shall include, but shall not be limited to, a credit card holder's address
> or telephone number.

> The provisions of this section shall apply to all credit card transactions; provided,
> however, that the provisions of this section shall not be construed to prevent a
> person, firm, partnership, corporation or other business entity from requesting
> information is necessary for shipping, delivery or installation of purchased
> merchandise or services or for a warranty when such information is provided
> voluntarily by a credit card holder.

Mass. Gen. Laws ch. 93, § 105(a).

34.    Defendant BG Retail, LLC and Caleres, Inc. are each a "corporation or other

business entity[.]"

35.    Famous Footwear "accepts a credit card for business transactions[,]" including for

11

its online sales of goods to consumers like Plaintiff and other Class Members.

36.    In contravention of the CPICTA, Famous Footwear "require[s] that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form." Namely, Famous Footwear requires each of its online shoppers paying by credit card and checking out via its website's credit card transaction form (located at www.famousfootwear.com) to write their email address.

37.    An email address is "personal identification information" because it provides merchants like Defendants with enough information to identify, through publicly available databases, a credit card holder (including their address and telephone number).

38.    An email address is "not required by the credit card issuer." Cardholder name, credit card number, expiration date, and/or card verification code are the only four details that credit card issuers require merchants, like Defendants, to collect for online transactions.[6]

39.    The Famous Footwear website's credit card transaction form (located at www.famousfootwear.com) is a "credit card transaction form."

40.    The CPICTA's limited exception does not apply because an email address is not necessary for shipping, delivery, installation or a warranty, yet Defendants required consumers to provide an email address.

---

[6] https://upgradedpoints.com/credit-cards/security-code-cvv/ ("all merchants require . . . the cardholder's name, card number, and expiration date. Most merchants also require a CVV code when purchasing online[.]"). *See also* https://www.chase.com/personal/credit-cards/education/basics/why-do-some-sites-not-require-cvv ("when you're making a credit card purchase online[,] . . . in addition to the credit card number and expiration date, you may also be asked for the CVV[.]"); https://money.com/what-is-a-credit-card-cvv/ ("The merchant collects a customer's card information: the account number, the expiration date and the CVV number."); https://listings.pcisecuritystandards.org/documents/Protecting_Telephone_Based_Payment_Card_Data_v3-0_nov_2018.pdf ("[f]or card-not-present (CNP) fraud, a criminal only needs to obtain the PAN [(Primary Account Number, which is the card number)], cardholder name, expiry date and, sometimes, the card verification code[.]").

41.    Per the Supreme Judicial Court of Massachusetts, "When a merchant acquires personal identification information in violation of § 105 (a) and uses the information for its own business purposes, whether by sending the customer unwanted marketing materials or by selling the information for a profit, the merchant has caused the consumer an injury that is distinct from the statutory violation itself and cognizable under G.L. c. 93A, § 9." *Tyler*, 464 Mass. at 503-04.

42.    "[R]eceipt of unwanted marketing material as a result of a § 105 (a) violation represents an invasion of the consumer's personal privacy causing injury or harm worth more than a penny, and the consumer is thus entitled to the minimum statutory damage award of twenty-five dollars under G.L. c. 93A, § 9(3)." *Tyler*, 464 Mass. at 504 n.20.

43.    Absent injunctive relief, Defendants may continue to violate the law and violate the rights of Massachusetts credit card holders. Plaintiff thus asks this court to declare Defendants' conduct to be unlawful under the CPICTA and enjoin Defendants from continuing to violate Massachusetts law.

44.    Plaintiff also seeks damages as a result of Defendants' violations of Mass. Gen. Laws ch. 93, § 105. Mass. Gen. Laws ch. 93, § 105(d) states: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." Thus, Plaintiff seeks statutory damages of not less than twenty-five dollars per violation, the recovery of up to three but not less than two times this amount because Defendants acted willfully and knowingly (*see infra*), and attorney's fees and costs, pursuant to the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq.*

45.    In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), on June 20, 2024, Plaintiff' counsel served Defendants with written notice of their violation of Ch. 93A and a demand for relief. A true and correct copy of the letter is attached hereto as **Exhibit 1**. Defendants did not make a written tender of settlement for the putative class and denied all wrongdoing.

13

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendants, as follows:

    a.    For an order certifying the Class and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

    b.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

    c.    For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

    d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

    g.    For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: August 5, 2024

Respectfully submitted,

**SMITH KRIVOSHEY, P.C.**

By: */s/ Joel D. Smith*
    Joel D. Smith

Joel D. Smith (BBO No. 712418)
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**

14

Joshua D. Arisohn*
Max S. Roberts*
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com
        mroberts@bursor.com

*Pro Hac Vice Forthcoming

Attorneys for Plaintiff

# Exhibit 1

# BURSOR & FISHER
P.A.

1330 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
www.bursor.com

JOSHUA D. ARISOHN
Tel: 646.837.7150
Fax: 212.989.9163
jarisohn@bursor.com

June 20, 2024

*Via Certified Mail – Return Receipt Requested*

BG Retail, LLC
8300 Maryland Avenue
St. Louis, Missouri 63105

Caleres, Inc.
8300 Maryland Avenue
St. Louis, Missouri 63105

BG Retail, LLC
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Caleres, Inc.
Corporation Service Company
80 State Street
Albany, New York 12207

Re:     *Notice and Demand Pursuant to Mass. Gen. Laws Ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or "CPICTA") and Mass. Gen. Laws Ch. 93A ("Chapter 93A")*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action to BG Retail, LLC and Caleres, Inc. ("You" or "Defendants"), made pursuant to Mass. Gen. Laws Ch. 93A, § 9(3), on behalf of my client, Mary Carr ("Client" or "Plaintiff"). Recently, my Client, a Massachusetts resident, made a purchase with You, for which she paid by credit card and checked out via Your website credit card transaction form (located at www.famousfootwear.com). As part of this process, my Client was required by You to write personal identification information not required by credit card issuers—her email address. My Client's email address was not a necessary part of the transaction, as it was not required for shipping, delivery, installation, or any other purpose. Shortly after completing her online purchase with You, my Client began receiving spam marketing emails from You. My Client never signed up for or otherwise consented to the receipt of this spam. Further, the spam is a nuisance, You caused my Client to waste her time reading or otherwise addressing the spam, and the spam consumed valuable storage space in my Client's email mailbox.

The CPICTA, at Mass. Gen. Laws Ch. 93, § 105(a) states that:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

The provisions of this section shall apply to all credit card transactions; provided,

**BURSOR&FISHER**
P.A.

however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

Nonetheless, and in direct contravention of the CPICTA, You require each of Your online shoppers paying by credit card and checking out via Your website's credit card transaction form to write personal identification information not required by credit card issuers—their email address. This is despite the fact that, as industry leaders, trade groups, and courts agree, an email address is "personal identification information." You then use the collected email addresses to send unwanted commercial solicitations—namely, spam marketing emails—to said consumers.

You face substantial legal consequences for Your violations of the CPICTA. Per the Supreme Judicial Court of Massachusetts: "When a merchant acquires personal identification information in violation of § 105 (a) and uses the information for its own business purposes, whether by sending the customer unwanted marketing materials or by selling the information for a profit, the merchant has caused the consumer an injury that is distinct from the statutory violation itself and cognizable under G.L. c. 93A, § 9." *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 503-04 (2013). Further, the "[r]eceipt of unwanted marketing material as a result of a § 105 (a) violation represents an invasion of the consumer's personal privacy causing injury or harm worth more than a penny, and the consumer is thus entitled to the minimum statutory damage award of twenty-five dollars under G.L. c. 93A, § 9(3)." *Id.* at 504 n.20. Thus, Your conduct will subject You to statutory damages of not less than twenty-five dollars per violation, the recovery of up to three but not less than two times this amount because You acted willfully and knowingly, and the recovery of attorney's fees and costs, pursuant to the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq.*

My Client intends to file a putative class action lawsuit against You to attain such relief. A draft version of the complaint that my Client intends to file is attached hereto as **Exhibit A**. I demand that You preserve all documents and other evidence which refer or relate to any of the above-described practices, including, but not limited to, the following:

1.   All documents concerning Your policies, practices, and procedures related to Your website's credit card transaction form (located at www.famousfootwear.com);

2.   All documents concerning Your policies, practices, and procedures related to Your collection and use of Massachusetts residents' email addresses;

3.   The total number of Massachusetts residents subjected to Your unlawful conduct;

4.   All revenue derived from requiring Massachusetts residents to furnish their email addresses in order to complete the credit card transactions at issue; and

5.   Any insurance that may be applicable to this dispute.

BURSOR&FISHER
P.A.

Please contact me right away if You wish to discuss any appropriate remedy to this matter. If You contend that any statement in this letter is inaccurate in any respect, please provide me with Your contentions and supporting documents immediately upon receipt of this letter.

Very truly yours,

Joshua D. Arisohn

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER<br>2484CV02060 *BLS* | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>   Carr, Mary vs. BG Retail, LLC | | John E. Powers III, Acting Clerk of Court<br>Suffolk County Civil |
| Andrea Joy Campbell<br>Consumer Protection Division<br>One Ashburton Place<br>Boston, MA 02108-1698 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

   Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 08/05/2024.

| DATE<br>08/07/2024 | CLERK OF COURTS<br>John E. Powers III, Acting Clerk of Court | |
|---|---|---|

| BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET | CIVIL DOCKET NUMBER (Court Use Only) 2484CV02866 | Massachusetts Trial Court  Suffolk Superior Court Business Litigation Session |
|---|---|---|

**PLAINTIFF(S)**

# Mary Carr

ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER

Joel D. Smith (BBO No. 712418)
Smith Krivoshey, PC
867 Boylston Street, 5th Floor, Boston, MA 02116
617-377-7404
joel@skclassactions.com

**DEFENDANT(S)**

# BG Retail, LLC and Caleres, Inc.

(IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER

RECEIVED

AUG - 5 2024

SUPERIOR COURT - CIVIL
JOHN E. POWERS, III
ACTING CLERK MAGISTRATE

CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)

BLS Case Category Code: h.2

Is this a jury case?: YES ☑  NO ☐

Case Type: Claims of unfair trade practices involving complex issues, including class actions that do not involve personal injury

*At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.*

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

This is a putative class action alleging that BG Retail, LLC and Caleres, Inc. violate their customers' privacy rights under Mass. Gen. Laws ch. 93, § 105 (the "Massachusetts Consumer Privacy in Commercial Transactions Act" or"CPICTA"). Specifically, the CPICTA prohibits companies from requiring consumers to providing their personal information (e.g., address, telephone number) when making a credit card transaction, unless such information is necessary for the transaction (e.g., shipping or delivery). Famous Footwear violates the CPICTA by requiring Massachusetts online shoppers to provide their email address when making purchases online, and that information is then used to send unsolicited spam email to the customers.

The CPICTA provides for statutory damages of at least $25 per violation, plus attorney's fees and costs. Accordingly, damages in this case are estimated to be in the millions.

Plaintiff is unaware of any pending related cases.

*If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.*

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: Joel Smith

Date: 8/5/24

## BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET
## INSTRUCTIONS

If you want to file a case in the Business Litigation Session (BLS), you must file a BLS Civil Action Cover Sheet (Cover Sheet) and a Complaint with the Suffolk County Civil Clerk's Office. On the Cover Sheet, you must state the reasons why you believe that the case should be accepted into the BLS, including the amount in controversy. If you do not fully and accurately complete the Cover Sheet, your case may be denied acceptance into the Business Litigation Session and transferred to another Superior Court Civil Session in Suffolk County. For more information, see Superior Court Administrative Directive 24-1 (Superior Court Business Litigation Sessions).

Cases that fall within any of the following categories will be considered for acceptance into the BLS in the sound discretion of the BLS Administrative Justice, based principally on the complexity of the case and the need for substantial case management.

Select one BLS Case Category Code that best describes your case and record it on the Cover Sheet:

a.1  claims relating to the governance and conduct of internal affairs of entities

a.2  claims relating to employment agreements

a.3  claims relating to liability of shareholders, directors, officers, partners, etc.

b.1  shareholder derivative claims

b.2  claims relating to or arising out of securities transactions

c.1  claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

d.1  claims to determine the use or status of, or claims involving, intellectual property

d.2  claims to determine the use or status of, or claims involving, confidential, proprietary or
     trade secret information

d.3  claims to determine the use or status of, or claims involving, restrictive covenants

e.1  claims involving breaches of contract or fiduciary duties, fraud, misrepresentation, business
     torts or other violations involving business relationships

f.1  claims under the U.C.C. involving complex issues

g.1  claims arising from transactions with banks, investment bankers and financial advisers,
     brokerage firms, mutual and money funds

h.1  claims for violation of antitrust or other trade regulation laws, including class actions

h.2  claims of unfair trade practices involving complex issues, including class actions that do
     not involve personal injury

i.1  professional malpractice claims other than claims for personal injury or death

j.1  claims by or against a business enterprise to which a government entity is a party

k.1  other claims involving complex issues or that require close case management, including
     but not limited to insurance coverage or reinsurance, construction, commercial lease
     disputes, real estate and consumer matters.

**Example:** BLS Case Category Code: <u>e.1</u>    Case Type: <u>breach of contract</u>

**Plaintiff's Duty:** On the Cover Sheet, the plaintiff, or plaintiff's counsel, shall provide a detailed statement of the facts and reasons why this case should be accepted into the BLS. A copy of the completed Cover Sheet shall be served on all defendants, along with the Complaint and Summons.

**Defendant's Duty:** If a defendant contests entry into the BLS, the defendant shall file with the Answer (or dispositive motion), a Statement specifying why the action does not belong in the BLS. The Statement shall be served with the Answer (or dispositive motion).

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV02060-BLS1**

Case:  Carr v. BG Retail, LLC et al.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated:  August 5, 2024

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

        As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

        If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

        ___ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
                            (Party's Name)

        Case Name _____

        Docket Number CIVIL DOCKET#: _____

        Counsel For_____        Date_____

        Firm Name and Address:

        _____

        _____

        _____

Please complete this form and return it to:

Assistant Clerk - BLS1        **OR**        Assistant Clerk - BLS2
BLS1, Room 1015                              BLS2, Room 1017
3 Pemberton Square                           3 Pemberton Square
Boston, MA 02108                             Boston, MA 02108

- 2 -