**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MARY CARR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BG RETAIL, LLC and CALERES, INC. ,

Defendants.

Case No. 1:24-cv-12387-AK

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

## INTRODUCTION

Plaintiff Mary Carr asserts a single claim for violation of Massachusetts Consumer Privacy in Commercial Transactions Act, General Laws chapter 93, section 105(a) (the "CPICTA"). Plaintiff alleges that defendants BG Retail, LLC ("BG Retail") and Caleres, Inc. ("Caleres") allegedly violated the CPICTA by requesting her email address when she was making an online purchase on Famous Footwear's website.

Plaintiff's claim should be dismissed with prejudice because plaintiff's complaint suffers from three main defects: (1) the CPICTA does not apply to online purchases; (2) plaintiff's email address was not requested in a credit card transaction form, as required for a violation of the CPICTA; and (3) defendants' use of plaintiff's email address falls under the exception outlined in the CPICTA. In sum, plaintiff simply fails to state a claim for violation of the CPICTA, and on this basis, defendants seek to have the complaint dismissed.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Caleres and BG Retail are global retailers that operate Famous Footwear's website. On August 5, 2024, plaintiff filed a purported class action complaint in the Superior Court of the State

of Massachusetts in Suffolk County, case entitled *Mary Carr v. BG Retail, LLC, et al.,* Case No. 2484CV02060. (Doc No. 1, Exhibit A. ("Complaint").) On September 18, 2024, defendants removed the state court action to this Court. (Doc No. 1.)

Plaintiff alleges that defendants violated the CPICTA by requiring that she provide personal identification information ("PII") – specifically, her email address – during the checkout process and while completing her online purchase. (Complaint ¶¶ 28, 35.) Plaintiff alleges that she had furnished her "shipping address for delivery" and her "phone number (presumably for communications)," and thus the request for her email address violated the CPICTA since it was not necessary for the credit card issuer to complete the transaction. (*Id.*, ¶¶ 19, 38.)

Plaintiff brings this action on behalf of all persons in Massachusetts who made a purchase on Famous Footwear's website using a credit card and whose email address was required during the checkout process. (*Id.*, ¶ 25.) Based on the alleged violation, plaintiff seeks injunctive relief, statutory damages, attorneys' fees, and costs. (*See Id.* "Prayer for Relief" at p. 14.)

## ARGUMENT

### I. LEGAL STANDARD

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should be dismissed for failure to state a claim if the pleadings do not set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). If the factual allegations in the complaint fail to "nudge[] [Plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp.*, 550 U.S. at 570.

A court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." *Day v. Fallon Cmty. Health Plan, Inc.,* 917 F. Supp.

72, 75 (D. Mass. 1996). However, a court does not have to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a court's "obligation to approach the facts from [a] plaintiff-friendly vantage does not require us to credit bald assertions, unsupportable conclusions, and opprobrious epithets." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 4 (1st Cir. 2007) (internal quotation marks omitted).

## II. ARGUMENT

### A. Plaintiff fails to state a claim under the CPICTA because the statute does not apply to online transactions.

Plaintiff's claim fails as a matter of law because the provision of the CPICTA that plaintiff relies upon applies only to transactions in brick-and-mortar stores. The CPICTA states, in relevant part:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. . . . The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise . . . when such information is provided voluntarily by a credit card holder.

Mass. Gen. Laws ch. 93, § 105(a).

All case law interpreting the CPICTA involves in-person credit card transactions at physical locations. While statutes should be interpreted in light of contemporary practices, they must also align with the statute's intended purpose. *See Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 505–06 (2013). In *Tyler*, which involved an in-person credit card transaction where an employee requested the plaintiff's zip code at the register, the court looked at the "shall apply to all credit card transactions" language of the CPICTA. There, the court determined that the lack of express language limiting "credit card transaction form" to a paper form "would render the statute

essentially obsolete in a world where paper credit card transactions are a rapidly vanishing event." *Id.* at 506. Accordingly, the court held that the CPICTA applied to in-person electronic credit card transaction. *Id.* However, the *Tyler* court did not address online transactions.

Given that Massachusetts case law is silent on whether online credit card transactions fall under the protection of the CPICTA, the Court may look to decisions construing California's Song-Beverly Credit Card Act of 1974, Cal. Civil Code section 1747.08 ("Song-Beverly"), which as plaintiff acknowledges in the Complaint, contains a highly similar prohibition against collection of personal information during credit card transactions.[1] (Complaint ¶ 16.) In *Saulic v. Symantec Corp.*, the court found that Song-Beverly "was specifically passed with a brick-and-mortar merchant environment in mind[,] [and] [w]hile the use of computer technology is mentioned, the language does not suggest the Legislature considered online transactions or the perils of misappropriation of consumer credit information in an online environment . . ." to be encompassed within Song-Beverly. 596 F. Supp. 2d 1323, 1325–26 (C.D. Cal. 2009). Here, the language of this provision similarly does not suggest that the legislature intended for the statute to apply outside of a brick-and-mortar context.

Furthermore, courts have explicitly held that Song-Beverly does not apply to online credit card transactions. *See Apple Inc. v. Superior Court,* 56 Cal. 4th 128, 151 (2013) (finding that Song-Beverly does not apply to online purchases in which the product is downloaded electronically); *Ambers v. Beverages & More, Inc.*, 236 Cal. App. 4th 508 (2015) (holding that Song-Beverly does not apply to plaintiff's online purchase of merchandise that plaintiff subsequently picked up at a brick-and-mortar location); *Mehrens v. Redbox Automated Retail, LLC*, 2012 WL 77220, at *3–4

[1] Song-Beverly is in fact broader than the CPICTA, as it bans a merchant from "Utiliz[ing], in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder." Cal. Civ. Code § 1747.08(a)(3).

(C.D. Cal. Jan 6, 2012) (holding that purchases from an automated movie rental machine, are akin to online purchases, and thus not covered by Song-Beverly); *Ambers v. Buy.com, Inc.*, 2013 WL 1944430, at *5-7 (C.D. Cal. April 30, 2013) (holding that Song-Beverly does not apply to online transactions where the product was shipped to the consumer).

As with Song-Beverly, the CPICTA's purpose is to "safeguard consumer privacy" by preventing merchants from unnecessarily obtaining "access to their identifying information." (Complaint ¶ 4.); *Tyler*, 464 Mass. at 498; *Saulic v. Symantec Corp.*, 596 F. Supp. 2d 1323, 1336 .D. Cal. 2009). Here, as part of the online transaction, plaintiff provided a shipping address, a billing address, and according the Complaint, her phone number. (Complaint ¶ 19.) All of that is personal information covered by the CPICTA (see § 105(a)). Yet, plaintiff complains only that providing her email address as part of the transaction violates the Act. Applying the CPICTA to *any* of the personal information plaintiff provided when she made her purchase would not, however, further the Act's purpose to enhance consumer protection against unlawful access to their PII or unwarranted solicitation. While plaintiff avers that companies can "reverse append email addresses to obtain customers' street addresses and telephone numbers" (Complaint ¶ 16, fn. 5), *plaintiff has already voluntarily provided all such PII to defendants*. Thus, preventing the collection of an email address would not further the CPICTA's purpose. Accordingly, the CPICTA does not and should not be read to apply to plaintiff's online purchase.

**B. Plaintiff fails to state a claim under the CPICTA because plaintiff was not required to input her email address in a "credit card transaction form."**

Even if the CPICTA were to apply to online transactions (which it does not), plaintiff's claim still fails as a matter of law because plaintiff was not required to input her email address on a "credit card transaction form." While the CPICTA does not define "transaction form," it would presumably include, as plaintiff states in her complaint, information necessary for processing the

credit card, such as a credit card number, expiration date, card verification code, and the cardholder's name. (Complaint ¶ 38); *See Tyler v. Michaels Stores, Inc.*, 840 F.Supp.2d 438, 446 (2012).

In the Complaint, plaintiff provides two screenshots of the Famous Footwear webpage where consumers are required to input their email address. (Complaint at p. 7.) Both screenshots, as shown below, clearly indicate that the section in question on the webpage requests information solely related to delivery and shipping. (*Id.*) Nowhere in this section is a credit card number, expiration date, or card verification code requested, and the name requested is that of the shipment recipient, which is not necessarily the name of the cardholder.




‹ Back to Cart

FAMOUS footwear

or continue below for all payment methods

1. Delivery

Contact Information

Email Address*
For shipping confirmation

Please enter your email address

Shipping Address

First Name*
Please enter your first name

Last Name*
Please enter your last name

Street Address*
Enter a location
Please enter your street address

Apt/Suite/etc. (Optional)

City*
Please enter your city

State*
State
Please select your state

Zip*
Please enter your ZIP code

Phone*
For shipping-related questions
(555) 555-5555
Please enter your phone number

CONTINUE TO SHIPPING

Estimated Total $77.93

Women's Court Vision Low Sneaker

$69.98 $79.99

Plaintiff fails to plausibly plead that this page is a credit card transaction form. Instead, plaintiff merely asserts in conclusory fashion that "The Famous Footwear website's credit card transaction form (located at www.famousfootwear.com) is a 'credit card transaction form.'" (*Id.* ¶ 39.) The Court is not required to accept such "bald assertions" in ruling on the sufficiency of a complaint to state a claim. *Ruiz*, 496 F.3d at 4.

As such, plaintiff's claim fails because she did not enter her email address on a "credit card transaction form" as required for a violation of the CPICTA.

**C. Plaintiff fails to state a claim under the CPICTA because defendants' request for plaintiff's email address falls under the CPICTA exception.**

Lastly, plaintiff's claim fails as a matter of law because, as detailed in the preceding section, plaintiff's email address was requested for shipment and delivery purposes. The language of the CPICTA clearly states that an exception applies when a merchant is "requesting information is [sic] necessary for shipping, delivery or installation of purchased merchandise . . . when such information is provided voluntarily by a credit card holder." Mass. Gen. Laws ch. 93, § 105(a).

Here, defendants explicitly indicate that the customer is to provide an email address for shipment and delivery purposes, as evidenced by both the "delivery" title at the top of the page and the text above the email address input field: "For shipping confirmation." (Complaint at p. 7.) Customers provide this information routinely and voluntarily in online purchases to receive updates and track the status of their deliveries. In all online transactions involving shipped goods, an email address is essential for consumers to obtain shipping and delivery tracking information. If, as plaintiff suggests, online merchants cannot request an email address, they would be forced to communicate about shipping and delivery through far less efficient means (e.g., telephone or snail mail), which also require the consumer to provide personal information covered by the Act. Therefore, even assuming the CPICTA applies to online purchases (which it does not), its provisions do not prevent the collection of PII for these purposes.

## CONCLUSION

For the reasons set out above, defendants Carr and BG Retail respectfully request that the Court dismiss plaintiff's complaint with prejudice.

Dated: October 25, 2024

Respectfully submitted,
Defendants,
**BG RETAIL, LLC and CALERES, INC,**
By their attorneys,

/s/ Andrew Skroback
ANDREW SKROBACK (BBO #567863)

**NORTON ROSE FULBRIGHT US LLP**
ANDREW SKROBACK (BBO #567863)
1301 Avenue of the Americas,
New York, New York 10019-6022
Telephone: (212) 408-5540
Facsimile: (212) 318-3400
andrew.skroback@nortonrosefulbright.com

Dated: October 25, 2024

Respectfully submitted,
Defendants,
**BG RETAIL, LLC and CALERES, INC,**
By their attorneys,

/s/ Jeffrey B. Margulies
JEFFREY B. MARGULIES (CAB #126002)

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES (CAB #126002)
EVA YANG (CAB #306215)
ALEXANDRA M. PEREZ (CAB #350867)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com

***Admitted Pro Hac Vice***

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 25, 2024.

*/s/ Andrew Skroback*
Andrew Skroback