**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MARY CARR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BG RETAIL, LLC and CALERES, INC. ,

Defendants.

Case No. 1:24-cv-12387-AK

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

## INTRODUCTION

Plaintiff Mary Carr asserts two claims in her first amended complaint ("FAC") for violation of: (1) Massachusetts Consumer Privacy in Commercial Transactions Act, General Laws chapter 93, section 105(a) ("CPICTA"), and (2) Massachusetts Unfair and Deceptive Business Practices Act, chapter 93(A) (the "UDBPA"). Plaintiff alleges that defendants BG Retail, LLC and Caleres, Inc. violated the CPICTA by requesting her email address when she was making an online purchase on Famous Footwear's website, and that this conduct also constitutes a violation of the UDBPA due to the subsequent marketing emails sent to plaintiff.

Despite an amendment, plaintiff's claims should be dismissed with prejudice due to several deficiencies. Plaintiff's first claim fails for three independent reasons: (1) the CPICTA does not apply to online purchases; (2) plaintiff's email address was not requested in a credit card transaction form, as required for a violation of the CPICTA; and (3) defendants' use of plaintiff's email address falls under the exception outlined in the CPICTA.

Concerning the second claim, there is nothing misleading about sending marketing emails to consumers who voluntarily provide their email, particularly in light of the disclosure right below

which expressly states: "***By entering your email, you agree to receive emails from us*** about new products, exclusive offers, and updates." FAC, ¶ 20, emphasis added. Notwithstanding plaintiff's conclusory allegation, there is nothing deceptive in defendants sending marketing emails to plaintiff after she provided her email address, given that disclosure. In sum, plaintiff fails to state a claim under both the CPICTA and the UDBPA.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

BG Retail is a Delaware LLC that does business as Famous Footwear, which operates both instore and online sales throughout the United States. On August 5, 2024, plaintiff filed a purported class action complaint in the Superior Court of the State of Massachusetts in Suffolk County, case entitled *Mary Carr v. BG Retail, LLC, et al.,* Case No. 2484CV02060. (Doc No. 1, Exhibit A.) On September 18, 2024, defendants removed the state court action to this Court. (Doc No. 1.) On October 25, 2024, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim (Doc. Nos. 16, 17). Before filing an opposition, plaintiff filed the FAC on November 8, 2024, with additional factual allegations and screenshots in addition to asserting a new claim for violation of the UDBPA (Doc. No. 18, ("FAC")).

Plaintiff alleges that defendants violated the CPICTA by requiring that she provide personal identification information ("PII") – specifically, her email address – during the checkout process and while completing her online purchase. (FAC ¶¶ 35, 42.) Plaintiff alleges that she had furnished her "shipping address for delivery" and her "phone number (presumably for communications)," and thus the request for her email address violated the CPICTA since it was not necessary for the credit card issuer to complete the transaction. (*Id.*, ¶¶ 23, 46.)

In the FAC, plaintiff now also alleges that as a result of defendants' alleged violation of the CPICTA, defendants' violate the UDBPA by sending unwanted marketing emails to consumers who provide their email addresses for online transactions. (*Id.*, ¶¶ 65-66.) Plaintiff alleges that

defendants' "willful[] and knowing" "misrepresentation that Famous Footwear online shoppers had agency over whether or not they received Defendants' emails . . . was deceptive" and that in fact, "consumers had no agency" to opt out of receiving marketing emails. (*Id.*, ¶¶ 61, 72.)

Plaintiff brings this action on behalf of all persons in Massachusetts who made a purchase on Famous Footwear's website using a credit card and whose email address was required during the checkout process. (*Id.*, ¶ 30.) Based on the alleged violations, plaintiff seeks injunctive relief, statutory damages, attorneys' fees, and costs. (*See Id.* "Prayer for Relief" at p. 20.)

## ARGUMENT

### I. LEGAL STANDARD

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should be dismissed for failure to state a claim if the pleadings do not set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). If the factual allegations in the complaint fail to "nudge[] [Plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp.*, 550 U.S. at 570.

A court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." *Day v. Fallon Cmty. Health Plan, Inc.,* 917 F. Supp. 72, 75 (D. Mass. 1996). However, a court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a court's "obligation to approach the facts from [a] plaintiff-friendly vantage does not require us to credit bald assertions, unsupportable conclusions,

and opprobrious epithets." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 4 (1st Cir. 2007) (internal quotation marks omitted).

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE CPICTA

### A. Plaintiff claim under the CPICTA fails because the statute does not apply to online transactions.

The CPICTA states, in relevant part:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. . . . The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise . . . when such information is provided voluntarily by a credit card holder.

Mass. Gen. Laws ch. 93, § 105(a).

There is no case law interpreting the CPICTA's potential application to online credit card transactions. While *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 505–06 (2013), held that the CPICTA applied to *in-person* electronic credit card transactions, the court did not address online transactions.

Given that Massachusetts case law is silent on whether online credit card transactions fall under the protection of the CPICTA, cases construing California's Song-Beverly Credit Card Act of 1974, Cal. Civil Code section 1747.08 ("Song-Beverly") are highly instructive. As plaintiff acknowledges, the Song-Beverly Act contains highly similar language that prohibits retailers

from collecting personal information during credit card transactions.[1] (FAC ¶ 16.) The relevant portion of Song-Beverly provides:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
> (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise
> (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
> (3) Utilize, in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder.

In *Saulic v. Symantec Corp.*, the court found that Song-Beverly "was specifically passed with a brick-and-mortar merchant environment in mind[,] [and] [w]hile the use of computer technology is mentioned, the language does not suggest the Legislature considered online transactions or the perils of misappropriation of consumer credit information in an online environment . . ." to be encompassed within Song-Beverly. 596 F. Supp. 2d 1323, 1325–26 (C.D. Cal. 2009). As such, courts have consistently held that Song-Beverly does not apply to online credit card transactions. *See Apple Inc. v. Superior Court,* 56 Cal. 4th 128, 151 (2013) (finding that Song-Beverly does not apply to online purchases in which the product is downloaded electronically); *Ambers v. Beverages & More, Inc.*, 236 Cal. App. 4th 508 (2015) (holding that Song-Beverly does not apply to an online purchase of merchandise that plaintiff subsequently

---

[1] Song-Beverly is in fact broader than the CPICTA, as it bans a merchant from "Utiliz[ing], in any credit card transaction, a credit card form which contains preprinted spaces specifically designated for filling in any personal identification information of the cardholder." Cal. Civ. Code § 1747.08(a)(3).

picked up at a brick-and-mortar location); *Mehrens v. Redbox Automated Retail, LLC*, 2012 WL 77220, at *3–4 (C.D. Cal. Jan 6, 2012) (holding that purchases from an automated movie rental machine, are akin to online purchases, and thus not covered by Song-Beverly); *Ambers v. Buy.com, Inc.*, 617 Fed.Appx. 728, 730 (9th Cir. 2015) (holding that Song-Beverly does not apply to online transactions where the product was shipped to the consumer); *See also* Request for Judicial Notice, Exhibit A, *Torres v. Best Choice Products, Inc.*, Cal. Super. Ct., Case No. 24-1406030 at 4.

Moreover, recently, the Massachusetts Supreme Judicial Court in *Vita v. New England Baptist*, 494 Mass. 824, 840 (2024), held that the Massachusetts Wiretap Act was limited to person-to-person communications between individuals and did not extend to a user's browsing on a website. The court reasoned that, as "the Internet did not exist" at the time the Wiretap Act was enacted, the legislative history contained "no discussion of whether the tracking and sharing of a user's browsing or other activity, via software and computer code, on public websites would be considered criminal" (*id.* at 842)—and thus, there is "no sound basis for concluding that the tracking of human-website interactions" is a "communication" under the act (*id.* at 844). The Court also cautioned that under plaintiff's interpretation, "it would appear that thousands of website owners could potentially face severe criminal and civil penalties for using tracking tools needed to support an advertising-based business model that is so common on the Internet." *Id.* at 848.

This reasoning provides a similar basis to decline to interpret the CPICTA expansively to cover online transactions, given that such technology did not exist when that act was adopted. As with Song-Beverly, the CPICTA's purpose is to "safeguard consumer privacy" by preventing merchants from unnecessarily obtaining "access to their identifying information." (Complaint ¶

4.); *Tyler*, 464 Mass. at 498; *Saulic*, 596 F. Supp. 2d at 1336. Given the similarities in legislative intent and language of the two statutes, and the Supreme Judicial Court's caution against applying liability for the use of technology that was not in existence when the legislature adopted the law at issue, this Court should hold that, like Song-Beverly, CPICTA does not apply to online transactions. Should the opposite conclusion be reached, there would be thousands of companies operating ecommerce websites that would potentially be liable under CPICTA simply because they request an email address during the checkout process. Such information is necessarily required to contact the consumer for delivery or pick-up purposes for online transactions. This cannot be what the Legislature intended in enacting CPICTA.

Simply put, the customer's email address does not allow for an invasion of her privacy in an online transaction in a way that is even remotely similar to an anonymous in-person transaction in a retail store. As part of the delivery portion of the online transaction, plaintiff voluntarily provided a shipping address, a billing address, and her phone number. (FAC ¶ 23.) All of that is personal information covered by CPICTA. *See* § 105(a). Yet, plaintiff complains only that providing her email address as part of the transaction violates the Act. Applying the CPICTA to *any* of the personal information plaintiff provided when she made her purchase would not, however, further the Act's purpose to enhance consumer protection against unlawful access to their PII or unwarranted solicitation. Unlike an in-store transaction, where collecting a consumer's PII is generally unnecessary except for purposes of future solicitation, the collection of PII in an online transaction is essential to complete the transaction. Without such information, the company is unable to fulfill the order (e.g., delivering the purchased item) or keep the consumer informed about the delivery status. While plaintiff avers that companies can "reverse append email addresses to obtain customers' street addresses and telephone numbers" (FAC ¶

17, fn. 5), *plaintiff has already voluntarily provided all such PII to defendants*. The *Tyler* court's commentary about a zip code being personal identification information because it can lead to the discovery of the customer's name and address, 464 Mass. at 499–50, suggests that the legislative intent to protect consumer privacy is inapplicable in an online transaction such as alleged by plaintiff, where a customer cannot complete the transaction without providing her name and address. Thus, imposing liability for requesting an email address in an online transaction in which a variety of personal identification information is required does not further the CPICTA's purpose. Accordingly, the CPICTA does not and should not be read to apply to plaintiff's online purchase.

**B. Plaintiff claim under the CPICTA fails because plaintiff was not required to input her email address in a "credit card transaction form."**

Even assuming that the CPICTA applies to online transactions (which it does not), plaintiff's claim still fails as a matter of law because she was not required to input her email address on a "credit card transaction form." While the CPICTA does not define "transaction form," it would presumably include, as plaintiff states in the FAC, information necessary for processing the credit card, such as a credit card number, expiration date, card verification code, and the cardholder's name. (*See* FAC ¶ 46); *See Tyler v. Michaels Stores, Inc.*, 840 F.Supp.2d 438, 446 (2012).

In the FAC, plaintiff provides several new screenshots of the Famous Footwear webpage where consumers are required to input their email address. (FAC at pp. 6-9.) These screenshots, as shown below, clearly indicate that the section in question on the webpage requests information solely related to delivery, pick-up, and shipping. (*Id.* at pp. 7-8.) Nowhere in this section is a credit card number, expiration date, or card verification code requested, and the name requested is that of the shipment recipient, which is not necessarily the name of the cardholder.


1. Delivery
Contact Information
Email Address*
For shipping confirmation
By entering your email, you agree to receive emails from us about new products, exclusive offers, and updates.
Please see our privacy policy to learn more about how we use your information.


1. Delivery
Contact Information
Email Address*
For shipping confirmation
Please see our Privacy Policy to learn how we use your information.


1. Delivery
Pickup (1 item)
First Name*
Last Name*
Email Address*
For pickup instructions
Please see our Privacy Policy to learn how we use your information.




(*Id.* at pp. 6-8.)

In fact, in one of the new screen shots included in the FAC, shown below, makes clear that the "Delivery" page—where consumers must enter their email address—is a separate page in the checkout process, completed at a different time than the "Payment" page. It is not until consumers reach the "Payment" page that they are required to input payment details, including their credit card number, expiration date, security code, and billing address, in order to complete the online transaction. (*Id.* at p. 9.)




Accordingly, plaintiff fails to plausibly plead that the location where she was required to provide her email address is a "credit card transaction form," as that term is used in the CPICTA. Instead, in  plaintiff merely asserts in conclusory fashion that "The Famous Footwear website's credit card transaction form (located at www.famousfootwear.com) is a 'credit card transaction form.'" (*Id.* ¶ 47.) The Court is not required to accept such "bald assertions" in ruling on the sufficiency of a complaint to state a claim. *Ruiz*, 496 F.3d at 4.

As such, plaintiff's claim fails because she did not enter her email address on a "credit

card transaction form" as required for a violation of the CPICTA.

**C. Plaintiff claim under the CPICTA fails because defendants' request for plaintiff's email address falls under the CPICTA exception.**

Even assuming that CPICTA applies to online transactions *and* plaintiff plausibly alleged that she was required to enter her email address on a credit card transaction form, plaintiff's claim still fails because, as detailed in the preceding section, plaintiff's email address was requested for shipment and delivery purposes. CPICTA expressly carves out an exception when a merchant is "requesting information is [sic] necessary for shipping, delivery or installation of purchased merchandise . . . when such information is provided voluntarily by a credit card holder." Mass. Gen. Laws ch. 93, § 105(a).

Here, the FAC explicitly indicates that the customer is to provide an email address for shipment and delivery purposes, as evidenced by both the "delivery" title at the top of the page and the text above the email address input field: "For shipping confirmation." (FAC at p. 7-8.) Customers provide this information routinely and voluntarily in online purchases to receive updates and track the status of their deliveries. In all online transactions involving shipped goods, an email address is essential for consumers to obtain shipping and delivery tracking information. If, as plaintiff suggests, online merchants cannot request an email address, they would be forced to communicate about shipping and delivery through far less efficient means (e.g., telephone or snail mail), *which also would require the consumer to provide PII covered by the Act*.

The FAC introduces new facts regarding defendants use of consumers' email addresses for pick-up purposes. (*See id.* ¶ 22.) However, these facts do not overcome the fatal flaws in plaintiff's CPICTA claim for three reasons: (1) for the same reasons an email address is necessary for shipping and delivery information, it is equally necessary for providing pick-up instructions and notifying the consumer when their purchase is available for pick-up (i.e., when the item has been

shipped to the consumer's selected retail location and is ready for pick-up); (2) without an email address, communication regarding pick-up would have to occur via telephone or mail, which again involves PII covered by the Act; and (3) nowhere in the FAC does plaintiff claim that she used the pick-up option, rendering this assertion irrelevant to her claim.

Therefore, even assuming the CPICTA applies to online purchases (which it does not), defendants clearly fall within the exception of requesting such information for delivery purposes.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE UDBPA

### A. Plaintiff's Claim Under The UDBPA Fails Because the FAC Fails to Allege Any Deceptive Conduct and Plaintiff Did Not Suffer An Actual Injury.

Plaintiff contends that defendants violated the UDBPA by purportedly misrepresenting that "online shoppers had agency over whether or not they received Defendants' emails" through a "checkbox" in the checkout process. FAC, ¶ 61. These allegations, on their face, fail to plausibly establish any misrepresentation or deceptive conduct on the part of defendants.

First, the only basis for plaintiff's claim is the screenshot below, which plaintiff attempts to argue is a "misrepresentation" because *"even if consumers chose not to click this box,* Defendants still sent shoppers marketing emails." FAC ¶ 60, emphasis in original.




FAC ¶ 20.

Plaintiff's allegations directly contradict the screenshot by implying that it states by "clicking this box," you agree to receive marketing emails. Defendants never represented that by "clicking the box," a consumer would receive marketing emails. The screenshot clearly shows:

> ***By entering your email***, you agree to receive emails from us about new products exclusive offers, and updates. Please see our privacy policy to learn more about how we use your information.

*Id.*, emphasis added.

As such, consistent with that representation, online purchasers will receive marketing emails by "entering [their] email." FAC ¶ 20. And given that plaintiff allegedly provided her email address (FAC, ¶ 9), she received marketing emails. Plaintiff's allegation that it was deceptive for defendants to represent that online shoppers "had agency over whether or not they received Defendants' emails (exercised via the checkbox)" is simply implausible. There is nothing deceptive about informing online shoppers that they will receive marketing emails by providing an email address, and then sending such marketing emails to those who do.

Accordingly, plaintiff fails to set forth any claim under UDBPA.

## CONCLUSION

For the reasons set out above, and as plaintiff has already amended her complaint once, defendants Carr and BG Retail respectfully request that the Court dismiss plaintiff's complaint with prejudice.

Dated: December 9, 2024

Respectfully submitted,
Defendants,
**BG RETAIL, LLC and CALERES, INC,**
By their attorneys,

/s/ Andrew Skroback
ANDREW SKROBACK (BBO #567863)

**NORTON ROSE FULBRIGHT US LLP**
ANDREW SKROBACK (BBO #567863)
1301 Avenue of the Americas,
New York, New York 10019-6022
Telephone: (212) 408-5540
Facsimile: (212) 318-3400
andrew.skroback@nortonrosefulbright.com

Dated: December 9, 2024

Respectfully submitted,
Defendants,
**BG RETAIL, LLC and CALERES, INC,**
By their attorneys,

/s/ Jeffrey B. Margulies
JEFFREY B. MARGULIES (CAB #126002)

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES (CAB #126002)
EVA YANG (CAB #306215)
ALEXANDRA M. PEREZ (CAB #350867)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com

***Admitted Pro Hac Vice***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on December 9, 2024.

/s/ Andrew Skroback________________
Andrew Skroback