UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY CARR, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BG RETAIL, LLC and CALERES, INC.,<br><br>Defendants. | Civil Action No. 1:24-CV-12387-AK |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

**ANGEL KELLEY, D.J.**

Plaintiff Mary Carr, a Massachusetts resident, brings this putative class action against BG Retail, LLC and Caleres, Inc. (together, "Defendants"), operators of Famous Footwear stores and the famousfootwear.com website. Carr alleges that Defendants violated the Massachusetts Consumer Privacy in Commercial Transactions Act ("CPICTA"), MASS. GEN. LAWS ch. 93, § 105, and the Massachusetts Unfair and Deceptive Business Practices Act ("Chapter 93A"), MASS. GEN. LAWS ch. 93A, by requiring online shoppers who pay by credit card to provide email addresses and then using those addresses to send unsolicited marketing emails without valid consent. Defendants move to dismiss the First Amended Complaint ("Amended Complaint") under Federal Rule of Civil Procedure 12(b)(6), arguing that CPICTA does not apply to online transactions, that the alleged conduct does not involve a credit card transaction form and falls within CPICTA's shipping or delivery exception, and that Carr has not plausibly alleged any deceptive act under Chapter 93A. For the reasons set forth below, Defendants' Motion [Dkt. 22] is **DENIED**.

1

I.  **BACKGROUND**

   A. **Factual Allegations**

The CPICTA prohibits businesses that accept credit cards from writing, causing to be written, or requiring a cardholder to write personal identification information not required by the card issuer on a credit card transaction form, except where necessary for shipping, delivery, installation, or a warranty.  MASS. GEN. LAWS ch. 93, § 105(a).  Carr alleges that email addresses qualify as personal identification information.

Famous Footwear's online checkout requires all credit card customers, whether purchasing for shipment or for pickup at a store, to enter an email address.  Carr asserts that an email address is not required by card issuers and is unnecessary for order fulfillment because customers must also provide a shipping address and telephone number.  She alleges that Defendants previously displayed a marketing consent checkbox at checkout but sent promotional emails regardless of whether the box was checked, and that the current checkout includes only a link in small print to the privacy policy near the email field.  She claims Defendants' purpose in collecting email addresses is to send marketing communications, not to facilitate fulfillment, and that this conduct violates the CPICTA and constitutes an unfair or deceptive act under Chapter 93A because the marketing purpose was not meaningfully disclosed and consumers lacked a genuine ability to opt out.  Carr's allegations include her own September 2023 online purchase of boots and a December 2023 test purchase by her counsel, after which marketing emails were sent without consent.  She claims the emails caused nuisance, distraction, displacement of important messages, wasted time, and consumption of limited email storage space.

   B. **Procedural History**

Carr seeks to represent a class of all persons in Massachusetts who made a purchase on

famousfootwear.com using a credit card, alleging that the Rule 23 prerequisites are satisfied and that class treatment is superior.  She served a Chapter 93A demand letter on June 20, 2024, but Defendants denied wrongdoing and made no tender of settlement.  Carr filed this action in Massachusetts Superior Court in August 2024.  Defendants removed the case in September 2024 under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  After Defendants filed an initial Motion to Dismiss, Carr filed the Amended Complaint in November 2024.  Defendants now renew their request for dismissal.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible when the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The court accepts well pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor, but it does not accept legal conclusions couched as facts or "bald assertions" and "unsupportable conclusions."  Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (citation omitted); Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 4 (1st Cir. 2007); Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citation omitted).  The plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully, and where the facts alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint does not show entitlement to relief.  Iqbal, 556 U.S. at 678–79.

## III.   DISCUSSION

A central dispute is whether Carr has plausibly alleged a legally cognizable injury under

Chapter 93A.  The Supreme Judicial Court ("SJC") has held that a violation of an independent statute, including Mass. Gen. Laws ch. 93, § 105, does not by itself satisfy Chapter 93A's injury requirement.  Tyler v. Michaels Stores, Inc., 984 N.E.2d 737, 745–46 (Mass. 2013).  The violation must cause a separate, identifiable harm, which may be economic or, in some instances, non-economic.  Id.; Hershenow v. Enter. Rent-A-Car Co. of Bost., Inc., 840 N.E.2d 526, 535 (Mass. 2006).  Applying Tyler, the First Circuit in Shaulis v. Nordstrom, Inc. reaffirmed that subjective dissatisfaction or a "per se" theory, where the only alleged harm is the statutory violation, is insufficient.  865 F.3d 1, 11–13 (1st Cir. 2017); see also Bellermann v. Fitchburg Gas & Elec. Light Co., 54 N.E.3d 1106, 1111–12 (Mass. 2016).  Whether Carr's allegations of unwanted marketing emails and their asserted consequences meet this standard is central to the Court's resolution of both counts.

      A.     Violation of the CPICTA (Count I)

Carr alleges that Defendants violated the CPICTA by requiring her to provide an email address during an online credit card transaction and then using that address to send unsolicited marketing emails.  Section 105(a) provides: "No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form."  MASS. GEN. LAWS ch. 93, § 105(a).  Carr contends that "write" includes electronic entry, that the shipping and delivery exception does not encompass email addresses, and that misuse of her personal information caused her a cognizable injury.  Defendants argue that the CPICTA does not apply to online transactions, that precedent under California's Song-Beverly Credit Card Act, CAL. CIV. CODE § 1747.08, supports limiting the Massachusetts statute to in-person sales, that the shipping and delivery exception applies, and

4

that the email address was not "written" on a "credit card transaction form."

The CPICTA bars merchants from requiring personal identification information not required by the card issuer on a credit card transaction form, with limited exceptions, including where the information is necessary for shipping or delivery. MASS. GEN. LAWS ch. 93, § 105(a). The Supreme Judicial Court has held that Section 105 applies to both paper and electronic forms and that "write" includes typing. Tyler, 984 N.E.2d at 747. Section 105(d) further provides that a violation of the CPICTA is deemed a per se unfair or deceptive act under Chapter 93A. MASS. GEN. LAWS ch. 93, § 105(d). That designation establishes the "unfair or deceptive act" element of a Chapter 93A claim, but it does not eliminate Chapter 93A's separate requirement that the plaintiff suffers a distinct, identifiable injury caused by the violation. Id. at 745–46; Shaulis, 865 F.3d at 11–12; Bellermann, 54 N.E.3d at 1111.

Here, Carr plausibly alleges both a statutory violation and a distinct injury recognized in Tyler: the use of her personal information to send unwanted marketing communications. See Tyler, 984 N.E.2d at 746 (listing unwanted marketing as a cognizable non-economic injury under Chapter 93A). She asserts concrete harms, including nuisance, wasted time, displacement of important messages, and consumption of limited email storage, causally linked to Defendants' use of her email address. These are objective consequences, not merely a subjective sense of diminished value or a generalized belief of having "got[ten] a bad deal," and thus unlike the purchase-as-injury theory rejected in Shaulis, 865 F.3d at 11–13. Whether the shipping and delivery exception applies, or whether the email field is part of the "credit card transaction form," are factual issues not resolvable at the pleading stage. Count I therefore states a plausible claim.

### B.    Violation of Chapter 93A (Count II)

Carr separately claims that Defendants engaged in a deceptive act by displaying a marketing consent checkbox that suggested customers could avoid promotional emails by leaving it unchecked, although they allegedly received such emails regardless. Defendants respond that the checkout page clearly disclosed, "By entering your email, you agree to receive emails from us about new products, exclusive offers, and updates," and that Carr therefore cannot plausibly claim deception or that she was misled.

Chapter 93A prohibits unfair or deceptive acts or practices and requires a distinct, identifiable harm caused by the challenged conduct. Tyler, 984 N.E.2d at 745–46; Shaulis, 865 F.3d at 11–12; Bellermann, 54 N.E.3d at 1111. The injury may be non-economic, but it cannot be purely subjective or speculative; it must be objectively verifiable. Shaulis, 865 F.3d at 11-12.

Here, Carr alleges that the checkbox created an illusory choice and could mislead a reasonable consumer, resulting in the same unwanted marketing emails alleged in Count I. Although the disclosure language weighs against deception, whether the combined presentation had a "tendency to deceive" within the meaning of Chapter 93A is a fact-intensive question. At this stage, and drawing all reasonable inferences in Carr's favor, the allegations are sufficient. Both counts therefore survive dismissal.

### IV.    CONCLUSION

For the foregoing reasons, Carr has plausibly alleged cognizable injuries under Chapter 93A for both counts, and Defendants' Motion to Dismiss [Dkt. 22] is **DENIED**.

**SO ORDERED.**

Dated: September 4, 2025                                      /s/ Angel Kelley
                                                                                 Hon. Angel Kelley
                                                                                 United States District Judge