**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY CARR, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>BG RETAIL, LLC and CALERES, INC.,<br><br>                   Defendants. | Case No. 1:24-cv-12387-AK<br><br>Hon. Angel Kelley |

## <u>STIPULATED PROTECTIVE ORDER</u>

Any party desiring or intending to file with the Court any Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.<u>R. 7.2</u>. The Parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

If a party is seeking to file a document containing its own Confidential or Highly Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential or Highly Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue.  If The Parties so agree, Confidential or Highly Confidential Information not filed under seal will continue to be protected by the protective order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The Parties shall file in the public docket redacted versions of any proposed sealed

-1-

filings. The Parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

The Parties further agree to the following provisions,

1.    Any party or non-party producing or receiving information in the course of discovery in this action (hereinafter, the "Litigation") may designate such information as "Confidential" if and to the extent necessary to protect privacy interests.

    (a)    Written information and/or "documents" as defined under the Federal Rules of Civil Procedure and corresponding case law, produced by the either party or any nonparty, may be designated "Confidential" by marking them conspicuously with the term "CONFIDENTIAL."

    (b)    All documents obtained from third parties by subpoena will be shared promptly with the opposing party.

    (c)    Deposition testimony may be designated "Confidential" by designating the portion of the transcript of the deposition that reflects the testimony within fifteen (15) days after counsel's receipt of the transcript.

2.    Access to information designated "Confidential" pursuant to section 1 above (hereinafter, "Confidential Information") shall be limited to:

    (a)    Counsel for The Parties, including in-house counsel and employees and agents of such counsel who are required to assist in the conduct of the Litigation;

(b)     The Parties themselves, including any officers, directors, employees or agents of The Parties who have a reasonable need of access to the information in connection with the prosecution and/or defense of this Action;

(c)     Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish mediation, technical or expert services, and/or to give testimony in this Action, who have signed the acknowledgment signed the acknowledgment form attached as Exhibit A;

(d)     The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and

(e)     Any other person whom counsel collectively agree in writing or whom the Court directs may review the Confidential Information.

3.     Any party or non-party producing or receiving information in the course of discovery in the Litigation may also designate such information as "Highly Confidential – Attorneys' Eyes Only" if and to the extent necessary to protect highly sensitive business or personal information that will cause significant harm to a specific individual or to the business or competitive position of the designating party that could not be avoided with the "Confidential" designation..

(a)     Written information and/or "documents" as defined under the Federal Rules of Civil Procedure and corresponding case law,

produced by the either party or any nonparty, may be designated "Highly Confidential – Attorneys' Eyes Only" by marking them conspicuously with the term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) Deposition testimony may be designated "Highly Confidential – Attorneys' Eyes Only" by designating the portion of the transcript of the deposition that reflects the testimony within fifteen (15) days after counsel's receipt of the transcript.

4. Access to information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to section 3 above (hereinafter, "Highly Confidential Information") shall be limited to:

(a) Outside counsel for The Parties, including employees and agents of such counsel who are required to assist in the conduct of the Litigation;

(b) Designated in-house counsel for the receiving party who have responsibility for the preparation and trial of the action, provided that such in-house counsel will not use or rely on this information in connection with any commercial business activity;

(c) Experts of the receiving party who have signed the acknowledgment form attached as Exhibit A;

(d) The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and

-4-

(e)     Court reporters and their staff and reporters and videographers engaged for depositions;

(f)     Professional jury or trial consultants and mock jurors who have signed the acknowledgment form attached as Exhibit A;

(g)     Professional vendors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process or host electronically stored documents;

(h)     During their depositions, witnesses and counsel for witnesses in the Litigation to whom disclosure is reasonably necessary, and who have signed the acknowledgment form attached as Exhibit A, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. The designating party may object to disclosing any documents marked "Highly Confidential – Attorneys' Eyes Only" to a noticed deponent prior to a deposition, the parties shall meet and confer on the objection. Should the parties be unable to reach agreement, the designating party shall be given an opportunity to bring a motion for protective order prior to the deposition.

(i)     Any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the acknowledgment form attached as Exhibit A;

(j)    The author or recipient of a document containing the information (not including a person who received the document solely in the course of this Litigation)

(k)    Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that Counsel for the Party intending to disclose the Highly Confidential information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has signed the acknowledgment form attached as Exhibit A;

(l)    Any other persons only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.

5.    Confidential or Highly Confidential Information may not be disclosed to absent members of a certified class who have not intervened or otherwise appeared in this Action, except under the circumstances described in sections 2 and 4 of this Order.

6.    Any party or non-party may voluntarily disclose to others without restriction any

information designated by that party or non-party as Confidential or Highly Confidential Information, although a document may lose its confidential status if it is made public.

7.    By agreeing that a party may designate information as "Confidential" or "Highly Confidential" for purposes of the Litigation, the non-designating party is not entering into a binding admission as to the confidentiality of said information. If any party believes that a designation of any information as "Confidential" or "Highly Confidential" is inappropriate, the party may object to such designation and the Parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the party seeking the designation shall have the burden of demonstrating its necessity. However, the information at issue shall be treated however it is designated (i.e. as "Confidential" or "Highly Confidential") and subject to all of the restrictions of this protective order unless and until the parties agree or the Court orders otherwise.

8.    Any party desiring or intending to file with the Court any Confidential or Highly Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The Parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

9.    If a party is seeking to file a document containing its own Confidential or Highly Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as Confidential or Highly Confidential, counsel for the party intending to file the Confidential or Highly Confidential Information shall confer with counsel for the

designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential or Highly Confidential  Information not filed under seal will continue to be protected by this order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

10.    Confidential or Highly Confidential Information exchanged in the course of the Litigation (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the pursuit or defense of the Litigation.

11.    If any party is subject to contractual or other obligations not to produce or disclose documents or information requested by another party in this Litigation, the parties shall confer in good faith to try to agree on a solution that accommodates the discovery needs of the requesting party and the contractual or other obligations of the non-requesting party. If the parties are unable to agree on such a solution, any party may, by appropriate motion, request that the issue be resolved by the Court.

12.    If the party discovers that one or more unauthorized persons have accessed or otherwise compromised the security of a system or location where Confidential or Highly Confidential Information of another party is stored, regardless of whether or not Confidential or Highly Confidential Information was accessed or obtained by unauthorized persons, the party that experienced the breach shall:  (a) provide written notice to the designating party of such breach within ten (10) days of the receiving party's discovery of the breach; (b) investigate and remediate

the effects of the breach; and (c) provide sufficient information about the breach to the designating party so the designating party can reasonably ascertain the impact on the designating party's information and documents. The receiving party agrees to provide reasonable cooperation to the designating party and, if involved, law enforcement.  In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access or otherwise secure its systems as it deems appropriate in its good faith and reasonable judgment.

13.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14.     All provisions of this order restricting the communication or use of Confidential or Highly Confidential Information shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered. Any party to this Protective Order may apply to this Court for modification of this order.

15.     Within thirty (30) days of the conclusion of this Litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, Confidential or Highly Confidential Information and any copies thereof shall be returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO ORDERED.**

Dated: ___March 26, 2026___          /s/ Angel Kelley_____
                                     HON. ANGEL KELLEY
                                     UNITED STATES DISTRICT JUDGE

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED this 20th day of February, 2026.


/s/ Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Yitzchak Kopel (BBO #716245)
Max S. Roberts (BBO # 718031)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-mail: ykopel@bursor.com
         mroberts@bursor.com


**SMITH KRIVOSHEY, P.C.**
Joel D. Smith (BBO #712418)
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com


*Attorneys for Plaintiff*

/s/ Eva Yang

**NORTON ROSE FULBRIGHT US LLP**
Jeffrey B. Margulies (CAB #126002)
Eva Yang (CAB #306215)
Alexandra M. Perez (CAB #350867)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com
alexandra.perez@nortonrosefulbright.com


*Attorneys for Defendants*

## EXHIBIT A

I have read and I understand the terms of the Protective Order dated _____,
filed in Case No. 1:24-cv-12387, pending in the United States District Court for the District of
Massachusetts.  I agree to comply with and be bound by the provisions of the Protective Order.  I
understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or
"Highly Confidential" obtained pursuant to such Protective Order, or the contents of such
documents, to any person other than those specifically authorized by the Protective Order.  I
shall not copy or use such documents except for the purposes of this Action and pursuant to the
terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I
shall return to the attorney from whom I have received them, any documents in my possession
designated "Confidential" or "Highly Confidential", and all copies, excerpts, summaries, notes,
digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of
Massachusetts for the purpose of enforcing or otherwise providing relief relating to the
Protective Order.

Date: _____          [SIGNATURE]_____
                            [PRINTED NAME]
                            [ADDRESS]